UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GEOVANY LOPEZ MARIN, | Case No.  1:26-cv-04316  (VC) |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX, *et al*., | Re: Dkt. Nos. 1, 2 |
| Respondents. | |

This habeas action concerns the detention of Petitioner Sergio Geovany Lopez Marin. Based on the Government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission, Petitioner was re-detained without any finding of changed circumstances demonstrating that he was a flight risk or danger to the community. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* Dkt. Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus, and resolves the motion for temporary restraining order as moot.[1]

## I.    BACKGROUND

Petitioner, proceeding pro se, filed the instant petition and motion for temporary restraining order arguing that his prolonged detention without a showing by the Government that

---

[1] In setting a briefing schedule on the petition for writ of habeas corpus and motion, the court informed that parties that it intended to rule on both the petition and motion together. *See* Dkt. No. 8. Neither party objected. In fact, Respondents "request[ed] to submit on this pleading without additional documentation or briefing and request[ed] that the Court rule on the Petition in its entirety." Dkt. No. 9 at 6.

he is a flight risk or danger to the community violates his due process rights under the Fifth Amendment. Dkt. No. 1 ¶¶ 46–49. As petitioner was proceeding pro se, the petition itself is limited in facts concerning Petitioner's specific immigration case, and Respondents failed to submit any of the immigration records the Court ordered them to provide. Dkt. No. 8 (ordering Respondents to submit Petitioner's "full form I-213, any orders of release or detention, any custody warrants or notices, and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition").

What can be gleaned from the briefing submitted by the parties is that (1) Petitioner was detained by U.S. Immigrations and Customs Enforcement on April 16, 2026 (*id.* ¶ 19); (2) per representations made by Respondents, Petitioner appears to have been paroled into the United States by the Department of Homeland Security ("DHS") under INA § 1182(d)(5)(A) (Dkt. No. 9 at 4); and (3) Respondents do not provide any factual basis for revocation of that parole, such as a violation of any condition or criminal conviction.

## II.    DISCUSSION

Petitioner argues that the Due Process Clause bars the government from re-detaining him without a finding that he is a flight risk or danger to the community. His due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2035) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### A.    Liberty Interest

A protected liberty interest may arise from a conditional release from physical restraint. *Young v. Harper*, 520 U.S. 143, 147–49 (1997). Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute. *See id.* (Due Process requires hearing before revocation of preparole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)

(same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context).

Courts throughout this the Ninth Circuit have found that noncitizens paroled into the country under § 1182(d)(5)(A) obtain a liberty interest in their continued freedom. *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562, at *5 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1103 (E.D. Cal. 2026). That "liberty interest d[oes] not expire along with [petitioner's] parole." *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025). Even though "ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). The same is true for Petitioner here.

### B.    *Mathews* Factors

Turning next to what process is due, Respondents argue that the Court should not provide Petitioner with more process than what is provided by statute. "But once a constitutionally protected interest is recognized, a court must determine whether the procedures followed complied with due process requirements—not simply whether they complied with the statute." *R.A.N.O.*, 820 F. Supp. at 1103.

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context where a noncitizen possesses a protected liberty interest in his continued release. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private

interest in remaining out of immigration custody because he has been released pending civil removal proceedings. "[His] detention denies [him] that freedom." *Omer G.G.*, 815 F. Supp. 3d at 1111.

Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). The record before the Court indicates that there was no independent finding of changed circumstances by a neutral arbiter before Petitioner was re-detained. And Respondents have not argued that Petitioner is dangerous or would be a flight risk. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor.  Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 787 F. Supp. 3d at 1094.  "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so," but it must provide Petitioner with a hearing first. *Ortega*, 415 F. Supp. 3d at 970.

### C.    Respondents' Arguments Lack Merit

Respondents make four arguments in response: (1) that the court lacks jurisdiction to hear Petitioner's due process claim under 8 U.S.C. §§ 1252(g) and 1252(b)(9), (2) that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2), (3) that Petitioner's parole pursuant to § 1182(d)(5)(A) may be revoked, and (4) that Petitioner is properly detained under 8 U.S.C.

§1226(a). The Court rejects each of these arguments.

As to the first argument, 8 U.S.C. §§ 1252(g) and 1252(b)(9) do not preclude the Court from hearing Petitioner's due process claim concerning the constitutionality of his detention. Courts throughout the country have rejected this argument where the petitioner is challenging the lawfulness of his detention. *See, e.g.*, *Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274 (NW), 2026 WL 1765353, at *2 (E.D. Cal. June 18, 2026); *Enamorado v. Kaiser*, No. 25-CV-04072-NW, 2025 WL 4109736, at *4 (N.D. Cal. Nov. 3, 2025); *Rodriguez v. Kaiser*, No. 1:25-cv-01111-KES-SAB (HC), 2025 WL 2855193, at *2–4 (E.D. Cal. Oct. 8, 2025); *Ortiz-Bautista v. Noem*, No. 5:26-cv-01065-MWC-MAA, 2026 WL 790874, at *3–4 (C.D. Cal. Mar. 18, 2026). Petitioner does not challenge his final order of removal, or seek to enjoin Respondents from removing him; he asks this to Court to evaluate whether his continued detention is lawful. "While broad, the language of these sections was 'not intended to preclude habeas review over challenges to detention that are independent of challenges to removal orders,' and the Court finds they do not bar review here." *Ortega v. Kaiser et al.*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) (quoting *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011)).

The Court similarly rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2). Courts throughout this Circuit have already concluded that a noncitizen paroled into the country under § 1182(d)(5)(A) may not be mandatorily detained under § 1225(b)(2). *See, e.g.*, *Ramirez Tesara v. Wamsley*, 800 F.Supp.3d 1130, 1137 (W.D. Wash. 2025); *R.A.N.O.*, 820 F. Supp. 3d at 1103. The court reaches the same conclusion here.

Respondents' argument with respect to revocation of Petitioner's parole fails for two reasons. First, as Respondents admit, "DHS possesses authority to revoke release or bond *upon material changed circumstances* under 8 C.F.R. § 236.1(c)[,]" but Respondents have presented no evidence of any changed circumstances here. Dkt. No. 9 at 4. Second, as discussed above, revocation of Petitioner's parole without any procedural safeguards is a violation of due process.

Regarding detention under §1226(a), Respondents present no evidence that the procedures and requirements to detain an individual under that statute—such as execution of a

warrant—were followed. *See Arias v. Larose*, No. 3:25-CV-02595-BTM-MMP, 2025 WL 3295385, at *4 (S.D. Cal. Nov. 25, 2025) ("Arias's parole was improperly revoked, making her ineligible for detention under either Section 1225 or Section 1226"). Further, raising § 1226(a) post-detention as a means of justifying the Government's actions does not cure its prior due process violation of detaining Petitioner absent a finding of changed circumstances. *See Salazar v. Kaiser*, No. 1:25-CV-01017-JLT-SAB, 2025 WL 2456232, at *10 (E.D. Cal. Aug. 26, 2025) (explaining that though § 1226 permits "'[t]he Attorney General at any time [to] revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien[,]' … "this does not mean that DHS may exercise its discretion in a manner that is inconsistent with constitutional requirements").

In sum, the Court finds that Petitioner's detention without any finding of changed circumstances, or process whatsoever, violated his right to due process and immediate release is warranted. Indeed, Respondents admit as much, noting in the opening line of their opposition that Petitioner's "case is in the category of cases for which the Court has typically ordered immediate release." Dkt. No. 4 at 1.

## III.   CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED.  IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner Sergio Geovany Lopez Marin from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the Government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing where the Government bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

4. This Order does not address the circumstances in which Respondents may detain

Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5.      The Clerk of the Court is directed to close this case and enter judgment for Petitioner.


**IT IS SO ORDERED.**

Dated: June 29, 2026


_____

VINCE CHHABRIA
United States District Judge